# In the United States Court of Federal Claims

No. 19-774L

(Filed April 15, 2021)

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
KEVIN & KELLI ALLARD, et al.,             *
                                          *
                    Plaintiffs,           *
                                          *
        v.                                *
                                          *
THE UNITED STATES,                        *
                                          *
                    Defendant.            *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

*Mark F. (Thor) Hearne, II*, True North Law, LLC, with whom was *Stephen S. Davis*, both of St. Louis, Mo., for plaintiffs.

*Gregory Cumming*, Trial Attorney, Natural Resources Section, Environment & Natural Resources Division, Department of Justice, with whom was *Prerak Shah*, Deputy Assistant Attorney General, both of Washington, D.C., for defendant.

## ORDER

WOLSKI, Senior Judge.

This case was brought as a class action by dozens of owners of property in Fulton County Illinois, who allege that a portion of their property has been taken by the federal government by operation of the National Trails System Act, 16 U.S.C. § 1247(d). As the government acknowledges, the complaint and the motion for class certification were filed one day before the six-year statute of limitations period would have expired, when calculated from the date of the issuance of the Notice of Interim Trail Use or Abandonment (NITU). Def.'s Resp. Opposing in Part Pls.' Mot. for Leave to File Am. Compl. (Def.'s Opp'n), ECF No. 19, at 3; *see* Ex. 4 to Compl., ECF No. 1-4 (NITU issued May 24, 2013). Less than four months later, while the motion for class certification remained pending, plaintiffs moved under Rule 15(a) of the Rules of the United States Court of Federal Claims (RCFC) for leave to file an amended complaint---which would add the claims of three additional putative class members and remove three claims which were previously dismissed without prejudice. Mot. for Leave to File Am. Compl., ECF No. 17, at 1.

Normally, such an amendment would not pose any statute of limitations problems, courtesy of the *American Pipe* class action tolling doctrine. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553–54 (1974). As the Federal Circuit has squarely held:

> When, as here, a class action complaint is filed within the six-year limitations period of 28 U.S.C. § 2501 as to one named plaintiff, putative class members are permitted to opt in under RCFC 23 after expiration of the limitations period, when class certification is sought prior to expiration of the period, but the complaint is not amended to add other named plaintiffs as putative class members until after expiration of the period. The statute of limitations is tolled during the period the Court of Federal Claims allows putative class members to opt in to the class.

*Bright v. United States*, 603 F.3d 1273, 1290 (Fed. Cir. 2010) (footnotes omitted).[1] To the extent that plaintiffs seek to add additional putative class members, however, the government opposes the motion to amend the complaint on futility grounds, invoking the "anti-stacking rule" to argue that the statute of limitations may not be tolled in these circumstances. Def.'s Opp'n at 2–3 (citing *Askins v. United States*, 113 Fed. Cl. 283, 288 (2013)). According to defendant, *American Pipe* tolling is not appropriate in this case, because there is an earlier-filed case in our court concerning the same NITU in which the parties had stipulated to the certification of a class. *Id.* at 3 (citing *Balagna v. United States*, No. 14-21L (Fed. Cl. filed Jan. 8, 2014)).[2]

But the government misunderstands the anti-stacking rule, which applies when an *otherwise untimely* class action is "filed during the extended limitations period once the suspension is lifted" that had tolled the statute of limitations in another case. *Askins*, 113 Fed. Cl. at 287. The doctrine addresses this question, answered in the negative by the Supreme Court: "Upon denial of class certification, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew *beyond the time*

---

[1] Although the Federal Circuit described the status of the additional plaintiffs as opting into the class, for the court below indicated that certification was otherwise proper, *see Bright*, 603 F.3d at 1277, 1291 n.12, their ability to participate is, of course, not dependent on the success of the class certification motion. *See Am. Pipe*, 414 U.S. at 552–53 (holding that potential class members could intervene in a timely manner after class certification was denied).

[2] *See Balagna*, No. 14-21L, ECF Nos. 22 & 26. The parties subsequently jointly requested that the class be decertified to facilitate settlement discussions, as all class members opting in had joined as plaintiffs. *See id.*, ECF Nos. 209 & 210.

*allowed by the applicable statute of limitations*?" *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018) (emphasis added). The rule has nothing to do with cases like this, in which a class action complaint and class certification motion are filed *before* the original statute of limitations period has expired. The *American Pipe* tolling that is nullified by the anti-stacking rule is the stoppage time resulting from earlier-filed suits, not the tolling that occurs in a timely-filed class action such as this one. Plaintiffs are not seeking to benefit from the suspension of the running of the limitations period due to the *Balagna* suit, and thus are not improperly "stacking" or "piggybacking" their case upon the earlier-filed one.[3] The problem the anti-stacking rule addresses---the "limitless" deadline if the tolling periods of multiple prior lawsuits are added together---is not posed by the application of *American Pipe* tolling within one, timely-filed case, which has a "finite" deadline. *See China Agritech*, 138 S. Ct. at 1809.

Under Rule 15(a), our court "should freely give leave when justice so requires." RCFC 15(a)(2). As explained above, the government's only basis for opposing the amendment---its futility due to the expiration of the statute of limitations---is incorrect as a matter of law. No other reason for denying the amendment, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party," *Foman v. Davis*, 371 U.S. 178, 182 (1962), is apparent. Accordingly, as our "rules liberally provide for amendments of the complaint," *A&D Auto Sales, Inc. v. United States*, 748 F.3d. 1142, 1158 (Fed. Cir. 2014), plaintiffs' motion for leave to file an amended complaint, ECF No. 17, is **GRANTED**. The Clerk shall file the proposed document, ECF No. 17-1, as the amended complaint in this case.

Additionally, the joint request to stay filing of the Joint Preliminary Status Report until two weeks following the resolution of the motion for class certification, ECF No. 18, is also **GRANTED**. Chambers will contact counsel to schedule oral argument on the class certification motion.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge

---

[3] Moreover, the anti-stacking rule was developed to address circumstances in which class certification was denied in the earlier, timely-filed action. *See China Agritech*, 138 S. Ct. at 1809 n.5; *Askins*, 113 Fed. Cl. at 288. The government's approach would turn the rule on its head and shorten the statute of limitations period for potential plaintiffs when certification has been found appropriate.